PER CURIAM.
Jonathan M. 'Whitmore appeals the denial of his motion to correct illegal sentence filed pursuant to Florida Rule of Criminal Procedure 3.800 asserting that his Habitual Felony Offender (“HFO”) sentence for burglary of a dwelling is illegal because he has only one prior qualifying conviction. See § 775.084(l)(a), Fla. Stat. (2010) (a defendant must have two or more prior felony convictions for HFO status). Specifically, "Whitmore contends that one of the two convictions used to habitualize him does not qualify as a prior conviction because, adjudication of guilt was withheld, and he had completed the one-year county jail sentence before committing the current offense. We disagree, and affirm.
In 2009, Whitmore entered a negotiated plea of guilty to grand theft; the trial *25 court withheld adjudication of guilt and imposed twelve months’ unsupervised probation, with a special condition that Whit-more serve twelve months in the county jail. “[T]he placing of a person on probation or community control without an adjudication of guilt shall be treated as a prior conviction” for purposes of qualifying the person for HFO sentencing. § 775.084(2), Fla. Stat. (2010). Further, a defendant qualifies as HFO if he or she committed the current offense within five years of the date of conviction of the last prior felony. § 775.084(l)(a)2.b., Fla. Stat. (2010). Whitmore’s grand theft conviction occurred in 2009; he committed burglary of a dwelling in 2010. Because Whitmore satisfied the criteria for HFO sentencing, the postconviction court correctly denied his 3.800 motion.
AFFIRMED.
PADOVANO, MARSTILLER, and MAKAR, JJ., concur.